### G. W. SINTON *v.* H. D. POPE.

**Attachment—Attachment and Sale of Deceased's Property.**

If property of a deceased person has been attached and sold under the attachment, it is too late for the personal representative of the deceased to establish his claim to the property for rent due the deceased prior to the attachment.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 20, 1873.

Opinion by Judge Peters:

Appellant sued McCormick for debt, and sued out his attachment, which was levied on McCormick's property. The attachment, was sustained, the attached effects sold; and after the proceeds were paid to the court's receiver, and he by the judgment had paid it to appellant, appellee filed his petition, alleging that the goods and chattels attached and sold were, at the time the attachment was levied, on the premises belonging to his testator, Charles D. Pope, leased to defendant, McCormick; and there was then due to him, as the executor of said Pope, on account of rent, $75. Thus he was entitled to a lien on said attached property, of which he alleges appellant had notice, notwithstanding which he had withdrawn from the proceeds of the sale of the property paid into court, $85, the balance of said proceeds after payment of costs; and he on that statement asked a rule against appellant to show cause why he should not pay the money over to him. The response having been adjudged insufficient, the rule was made absolute against appellant, and he has appealed.

After the conversion of the effects into money by the order of the chancellor, he adjudged, in effect, that appellant was entitled to all that was left after payment of costs, and directed his receiver to pay the same to him, which was a payment pro tanto of appellant's debt. Appellee, if he had a lien on the effects attached, might, before the sale or payment of the money was made, have filed his petition, setting forth the facts on which his claim to a prior lien was founded, and being made a party, would have had the right to have his claim investigated, and a judgment rendered settling the rights of all parties; but after a sale of the property, and especially after a sale and payment of the money to appellant, he was too late, and the opportunity to have such investigation was lost. Sec. 257, Civil Code. There was no evidence of Pope's demand for rent presented until after the judgment was rendered and the money paid over. It is true that the commissioner of the court, who sold the attached effects, states that he filed therewith C. D. Pope's claim for rent, but that constitutes no evidence of such claim.

Let the judgment be reversed and the cause remanded with directions to dismiss appellee's petition.

*Brown, for appellant.*

*Boyle, for appellee.*